IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**PLUMBERS LOCAL NO. 137**
**PENSION FUND, et al.,**

             Plaintiffs,

   v.

**RAYMOND P. DAVIS, et al.,**

          Defendants,

   and

**UMPQUA HOLDINGS CORPORATION,**

          Nominal Party.

Civ. No. 3:11-cv-00633-AC

OPINION AND ORDER

**MOSMAN, J.**,

On January 11, 2012, Magistrate Judge Acosta issued his Findings and Recommendation ("F&R") [61] in the above-captioned case, recommending that I grant the Motion to Dismiss [20] filed by Allyn Ford, Peggy Fowler, Stephen Gambee, Jose Hermocillo, William Lansing, Luis Machuca, Diane Miller, Hilliard Terry III, Bryan Timm, Frank Whittaker, Raymond Davis, Bradley Copeland, Ronald Farnsworth, and Mark Wardlow (collectively, the "Individual Defendants"). The plaintiffs in this case, Plumbers Local No. 137 Pension Fund and Laborers' Local #231 Pension Fund, filed objections [63] and the Individual Defendants responded [65].

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

This is a derivative action on behalf of Umpqua Holdings Corporation ("Umpqua"). Judge Acosta recommended dismissal because plaintiffs made no pre-suit demand on the Umpqua board of directors—who are named defendants in this suit—and failed to sufficiently plead that any demand would have been futile. *See* Fed. R. Civ. P. 23.1. Judge Acosta applied the two-prong futility test articulated in *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984), and adopted by the Oregon Court of Appeals, which requires a plaintiff to allege "particularized facts showing that there is a reasonable doubt either that (1) the directors are disinterested and independent for purposes of responding to the demand or (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." *Crandon Capital Partners v. Shelk*, 181 P.3d 773, 782 (Or. Ct. App. 2008) (citing *Brehm v. Eisner*, 746 A.2d 244, 256 (Del. 2000)). Plaintiffs raise two objections, which I will address in turn.

2 – OPINION AND ORDER

First, plaintiffs argue Judge Acosta applied the wrong futility standard.  According to plaintiffs, under *Wills v. Nehalem Coal Co*., 96 P. 528 (Or. 1908), a pre-suit demand is futile anytime the suit alleges wrongdoing by a majority of corporate directors.  (Pl.'s Obj. [63] 1, 6).[1] I reject this invitation to needlessly find such a broad exception to the demand requirement.  As plaintiffs point out, the *Wills* decision did quote a treatise for the proposition that futility generally exists when "the defendants charged with the wrongdoing, or some of them, constitute a majority of the directors."  96 P. at 534.  However, the court went on to hold only that futility was established due to specific factual allegations that two directors had conflicting interests in the allegedly wrongful transaction at issue, and that those two directors "exercised complete control" over the rest of the board.  *Id*. at 535.  That holding thus aligns with more recent case law because *Wills* simply falls within the first prong of the Oregon (and Delaware) futility analysis.  It is a case where there were "particularized facts" alleged that raised a reasonable doubt that a majority of directors were "disinterested and independent."  *Crandon Capital Partners*, 181 P.3d at 782; *see also*, *Beam v. Stewart*, 845 A.2d 1040, 1050 (Del. 2004) ("In order to show lack of independence, the complaint of a stockholder-plaintiff must create a reasonable doubt that a director is not so beholden to an interested director . . . that his or her discretion would be sterilized.") (quotation omitted).

Thus, *Wills* does not mean that suing an entire board negates the demand requirement or the necessity to make particular allegations as to why specific directors are not sufficiently disinterested or independent.  It only means a plaintiff may establish futility via specific factual allegations that some interested directors controlled an entire board.  Here, as Judge Acosta concluded, there are no specific allegations of that nature.  (F&R [61] 11).

---

[1] While plaintiffs did not cite *Wills* to Judge Acosta, I find they fairly raised this general argument and therefore reject the Individual Defendants' suggestion that I not consider this objection.

Plaintiffs' second objection is that, even if Judge Acosta applied the right standard, he did not properly apply it to the facts. This objection is adequately addressed by the F&R itself. The only exception is a specific point plaintiffs apparently never raised to Judge Acosta. Plaintiffs argue that, under the second futility prong, they have overcome the presumption that the Individual Defendants' decisions were made in the exercise of valid business judgment because the Individual Defendants lowered Umpqua's annual operating earnings per share ("OEPS") goals in order to justify performance-based pay increases, and did not disclose this fact to shareholders. (Pls.' Obj. [63] 13). However, the fact that Umpqua may have lowered performance goals after repeated failures to accomplish its prior goals during an economic downturn is not sufficient to rebut the presumption in the Individual Defendants' favor. And, while plaintiffs argue the reductions in the OEPS goals were secret, they cite Umpqua's proxy statement to show that these reductions occurred. I therefore reject this argument.

## CONCLUSION

Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [61] as my own opinion. The motion to dismiss [20] is GRANTED, without prejudice, and I GRANT plaintiffs leave to amend their complaint within 30 days of this opinion. If no amended complaint is filed, a judgment of dismissal will enter.

IT IS SO ORDERED.

DATED this  23    day of February, 2012.


                                         /s/Michael W. Mosman
                                        MICHAEL W. MOSMAN
                                        United States District Court